UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIA
FORT WAYNE DIVISION

BURKE WAYNE BAUGHMAN, JR.,

Plaintiff,

v.

COBY SPRIGGS, JAYLEB WALSH, AND M. KAUR,

Defendants.

CAUSE NO. 1:25-CV-686-JD-ALT

OPINION AND ORDER

Burke Wayne Baughman, Jr., a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Baughman alleges that, on August 1, 2025, Officer Coby Spriggs approached his cell to inquire about his previous cellmate's personal property. Baughman told Officer Spriggs that his previous cellmate had packed up his own property and took it with him. Officer Spriggs conducted a cursory search of the cell and told Baughman he "better get rid of all your contraband because when I get here tomorrow I'm tearin[g]

your shit apart." ECF 1 at 3. Officer Spriggs approached Officer Jayleb Walsh and Officer M. Kaur. Baughman believes Officer Spriggs was asking them to assist in shaking down his cell. They returned to search Baughman's cell. Baughman cooperated by stepping outside as directed. He watched as they destroyed and confiscated his property, but when they started messing with his new television, he walked back in the cell.[1] Officers Spriggs and Officer Walsh brandished their Tasers and ordered Baughman to cuff up.

Officer Walsh placed Baughman in cuffs, but the cuffs were too tight. As Officer Kaur and Officer Walsh escorted Baughman towards OSB-1, Baughman repeatedly requested that the cuffs be loosened. The officers ignored him. Officer Walsh was walking fast, attempting to drag Baughman along. At some point, Baughman yanked his hand back and stopped walking. He told the officers that he would not continue to cooperate unless the cuffs were loosened. Officers Walsh and Kaur threw Baughman to the ground and began striking him. Baughman indicates he did not resist, although the officers were yelling "stop resisting." ECF 1 at 4. Officer Spriggs joined Officers Kaur and Walsh and used his Taser on Baughman's butt cheek and upper rear thigh. He then

[1] To the extent that Baughman may have intended to sue about the damage to his property, he has not stated a claim. The Fourteenth Amendment provides that state officials shall not "deprive any person of life, liberty, or property, without due process of law . . .." But, a state tort claims act that provides a method by which a person can seek reimbursement for the negligent loss or intentional deprivation of property meets the requirements of the due process clause by providing due process of law. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) ("For intentional, as for negligent deprivations of property by state employees, the state's action is not complete until and unless it provides or refuses to provide a suitable post deprivation remedy.") Indiana's tort claims act (Indiana Code § 34-13-3-1 *et seq.*) and other laws provide for state judicial review of property losses caused by government employees, and provide an adequate post deprivation remedy to redress state officials' accidental or intentional deprivation of a person's property. *See Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) ("Wynn has an adequate post deprivation remedy in the Indiana Tort Claims Act, and no more process was due.").

stated "I told you I do what I want," which referenced a conversation from earlier that day, when Baughman told Officer Spriggs that he could not "just taze me if I'm not being combative," and Officer Springs stated that he makes up the rules. ECF 1 at 5.

The Eighth Amendment prohibits cruel and unusual punishment—including the application of excessive force—against prisoners convicted of crimes. *McCottrell v. White*, 933 F.3d 651, 662 (7th Cir. 2019). The "core requirement" of an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (quotations and citation omitted). Deference is given to prison officials when the use of force involves security measures taken to quell a disturbance because "significant risks to the safety of inmates and prison staff" can be involved. *McCottrell*, 933 F.3d at 663 (quoting *Whitley v. Albers*, 475 U.S. 312, 320 (1986)). Prisons are dangerous places, and security officials are tasked with the difficult job of preserving order and discipline among inmates. *Lewis v. Downey*, 581 F.3d 467, 476 (7th Cir. 2009). It is important that prisoners follow orders given by guards. *Id.* at 476-77 (citing *Soto v. Dickey*, 744 F.2d 1260, 1267 (7th Cir. 1984)). To compel compliance—especially in situations where officers or other inmates are faced with threats, disruption, or aggression—the use of summary physical force can be warranted. *Id.* at 477 (citing *Hickey v. Reeder*, 12 F.3d 754, 759 (8th Cir. 1993)). That is not to say, however, that such justification exists "every time an inmate is slow to comply with an order." *Lewis*, 581 F.3d at 477. Several factors are explored when determining whether an officer's use of force was malicious or legitimate, including the need for applying the force, the threat posed to the safety of staff and

inmates, the amount of force used, and the extent of the prisoner's injury. *Hendrickson*, 589 F.3d at 890.

Here, the court must accept Baughman's allegations as true and take him at his word that he was not resisting when the incidents of force occurred. *See, e.g., Lewis*, 581 F.3d at 477. Although further investigation may reveal the force used was legitimate under the circumstances, at this preliminary stage the court must give Baughman the benefit of the inferences to which he is entitled and presume the force exceeded the bounds of the Constitution. Accordingly, he has stated a plausible Eighth Amendment excessive force claim against Officer Spriggs, Officer Walsh, and Officer Kaur.

For these reasons, the court:

(1) GRANTS Burke Wayne Baughman, Jr. leave to proceed against Officer Coby Spriggs, Officer Jayleb Walsh, and Officer M. Kaur in their individual capacity for compensatory and punitive damages for using excessive force against Baughman on August 1, 2025, in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Officer Coby Spriggs, Officer Jayleb Walsh, and Officer M. Kaur at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 1);

(4) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(5) ORDERS, under 42 U.S.C. § 1997e(g)(2), Officer Coby Spriggs, Officer Jayleb Walsh, and Officer M. Kaur to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on September 24, 2026

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT